[No. 19521.  Department Two.  March 1, 1926.]

LEWIS N. PECK *et al., Respondents,* v. FARMERS NATIONAL BANK OF COLFAX, *Appellant,* PACIFIC GRAIN COMPANY *et al., Defendants.*[1]

[1] VENDOR AND PURCHASER (31)—CROPS (3)—EXECUTORY CONTRACT FOR SALE OF LAND—TITLE TO GROWING CROP.  Since no title passes under an executory contract for the sale of land, no title either legal or equitable, passes to a growing crop thereon, one-half of which belonged to the owner under a lease agreement; nor would title pass thereto under an agreement of sale providing that the crop should belong to the vendee upon his making a certain payment on the contract, which payment was never made.

[2] TROVER AND CONVERSION (3)—APPROPRIATION OF PROCEEDS OF SALE OF ANOTHER'S PROPERTY.  A bank is guilty of conversion where it takes warehouse receipts and trade acceptances for the whole of a tenant's crop of wheat and appropriates the proceeds to its own use, with knowledge at the time that the tenant was leasing on shares and that half of the crop belonged to the landlord.

Appeal from a judgment of the superior court for Whitman county, McCroskey, J., entered December 19, 1924, upon findings in favor of defendant in an action for the conversion of wheat, tried to the court.  Affirmed.

*Hanna, Miller & Hanna,* for appellant.
*John Pattison,* for respondents.

MAIN, J.—The plaintiffs brought this action to recover the value of wheat, claimed to have been converted by the defendants.  Before the trial, the action was dismissed as to the defendants other than the Farmers National Bank.  As to this defendant, the trial resulted in findings of fact, conclusions of law and a judgment sustaining the right to recover the

[1] Reported in 243 Pac. 861.

sum of $3,759.09, from which judgment the bank appeals.

The facts may be summarized as follows: The appellant is a corporation engaged in the banking business at Colfax, in Whitman county. The respondents are the owners of a farm of considerable size in that county. On September 2, 1915, this farm was by the respondents leased to one E. W. Stanfield for a period of five years. The rent reserved was "one-half of all grain raised on said place," delivered at Winona in the same county. Stanfield, under the lease, went into possession and farmed the place for the entire period which expired on September 2, 1920. On July 1, 1920, the respondents entered into a contract with Stanfield and wife by which they agreed to sell them the farm for the purchase price of $51,567.30. Nine hundred thirty four dollars was paid at the time of the execution of the contract, and it was provided therein that at least $10,567.30 should be paid on October 20, 1920. The balance of the purchase price was to be made in annual installments until fully paid. The contract expressly provided that time should be of the essence thereof. It contained the further provision that "the sellers' one-half of all grain grown in 1920 on the within described lands, shall be the sole property of the buyers, under the lease now in effect with Edward Stanfield, as soon as the payment falling due October 20, 1920, shall have been made to the sellers."

After the wheat crop of the year 1920 was harvested, it was delivered to the Winona Warehouse and Grain Company, and warehouse receipts were issued therefor. These were by Stanfield delivered to the appellant, to which bank he was then indebted in the sum of approximately $10,000, $3,000 of which was secured by a mortgage upon his portion of the crop. During the latter part of the year 1920, or the early

part of 1921, Stanfield sold the warehouse receipts to the Pacific Grain Company, doing business in Colfax with offices adjacent to the bank, but with no entrance between. The Pacific Grain Company issued to Stanfield trade acceptances, and these were by him delivered to the bank, and thereafter the bank applied the proceeds therefrom in liquidation of Stanfield's indebtedness and credited him with the balance. When the present action was begun, the appellant denied liability, and the trial resulted as above indicated.

[1] The question is, whether Stanfield had acquired title to the one-half of the wheat which belonged to the respondents by virtue of the contract of purchase. This contract was executory and under it no title passed, either legal or equitable. *Tieton Hotel Co. v. Manheim,* 75 Wash. 641, 135 Pac. 658. That case has been followed in a number of others, the last of which is *Ashford v. Reese,* 132 Wash. 649, 233 Pac. 29, where the other cases will be found cited. No title, either legal or equitable, having passed under the contract, Stanfield would by virtue of it acquire no title to the then growing crop. Neither would the title to the half of the wheat which belonged to the respondents pass under that clause of the contract, which provided that it should belong to Stanfield as soon as the payment falling due October 20, 1920, was made. That payment was never made, and the contract was forfeited. The provision therein did not purport to convey title to the respondents' portion of the crop, but only that, in the event that the payment specified was made, then the wheat should be the property of Stanfield. This was a condition which was never performed.

[2] There is some argument that the corporations dismissed out of the action were the ones liable and not the appellant. With this argument we do not agree. The bank, as found by the trial court and which finding

is sustained by the evidence, had knowledge, at the time the warehouse receipts were delivered to it and at the time it received the trade acceptances and applied the proceeds to the liquidation of Stanfield's indebtedness, that Stanfield owned only one-half of the crop and that the other half belonged to the respondents. The appellant, having appropriated the proceeds of the entire crop with knowledge, cannot escape liability for conversion. Whether either the warehouse company or the Pacific Grain Company would have been liable is not here material.

The judgment will be affirmed.

TOLMAN, C. J., MITCHELL, MACKINTOSH, and PARKER, JJ., concur.